IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2018 MAR -8 PM 2:31
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO FL

| | |
|---|---|
| CHEROKEE GRAY EAGLE IP, LLC and REBOUNDERZ FRANCHISE AND DEVELOPMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SKY ZONE, LLC, SKY ZONE FRANCHISE GROUP, LLC, RPSZ CONSTRUCTION, LLC, FAMILY CHRISTIAN SPORTS, LLC, MARJAC VENTURES, LLC, MARJAC VENTURES TAMPA, LLC, Y&J GLOBAL ENTERPRISES OF FLORIDA, LLC, SZSC, LLC, OTTWAY II LLC, SZSARASOTA LLC, INNOVATIVE HEIGHTS FLORIDA LLC, AND NO CALL LLC,<br><br>Defendants. | Case No. 6:18-cv-355-ORL-31-TBS<br><br>INJUNCTIVE RELIEF REQUESTED<br>JURY TRIAL REQUESTED |

### COMPLAINT

Plaintiffs Cherokee Gray Eagle IP, LLC and Rebounderz Franchise and Development, Inc., (collectively, "Plaintiffs"), through their undersigned counsel, for their complaint against Defendant Sky Zone, LLC, Sky Zone Franchise Group LLC, RPSZ Construction, LLC, Family Christian Sports, LLC, Marjac Ventures, LLC, Marjac Ventures Tampa, LLC, Y&J Global Enterprises of Florida, LLC, SZSC, LLC, Ottway II LLC, SZSarasota LLC, Innovative Heights Florida LLC, and No Call LLC (collectively, "Defendants"), state:

1

## PARTIES, JURISDICTION AND VENUE

### a. Plaintiffs

1. Plaintiff Cherokee Gray Eagle IP, LLC ("Cherokee Gray Eagle") is a Florida limited liability company having a place of business at 605 Hickman Circle, Sanford, Florida 32771.

2. Plaintiff Rebounderz Franchise and Development, Inc. ("Rebounderz") is a Florida corporation having a place of business at 605 Hickman Circle, Sanford, Florida 32771.

### c. Sky Zone Franchisor Defendants

3. Upon information and belief Defendant Sky Zone, LLC is a Nevada limited liability company, having a registered office address at 1201 West 5th Street, Suite T-340, Los Angeles, California 90017.

4. Upon information and belief Defendant Sky Zone Franchise Group, LLC is a Missouri limited liability company, having a registered office address at 221 Bolivar Street, Jefferson City, Missouri 65101 and registered entity mailing address at 1201 West 5th Street, Suite T-340, Los Angeles, California 90017.

5. Upon information and belief Defendant RPSZ Construction, LLC ("RPSZ Construction") has a principal place of business at 1201 West 5th Street, Suite T-340, Los Angeles, California 90017.

6. Collectively, Defendants identified in Paragraphs 3 through 5 are referred to as "Sky Zone Franchisors."

### d.   Sky Zone Franchisee Defendants

7. Upon information and belief Defendant Family Christian Sports, LLC is a Florida limited liability company, having a principal address at 2500 South US Highway 27 Clermont, Florida 34711.

8. Upon information and belief Defendant Marjac Ventures, LLC is a Florida limited liability company, having a registered mailing address at 14181 South Tamiami Trail Suite 140 Fort Myers, FL 33912.

9. Upon information and belief Defendant Marjac Ventures Tampa, LLC is a Florida limited liability company, having a registered mailing address at 14181 South Tamiami Trail Suite 140 Fort Myers, FL 33912.

10. Upon information and belief Defendant Y&J Global Enterprises of Florida, LLC is a Florida limited liability company, having a principal address at 2400 SW College Road, Ocala, Florida 34471.

11. Upon information and belief Defendant SZSC, LLC is a Florida limited liability company, having a principal address at 624 Barnes Boulevard, Rockledge, Florida 32955.

12. Upon information and belief Defendant Ottway II LLC is a Florida limited liability company, having a principal address at 18020 Crown Quay Lane, Jupiter, Florida 33458.

13. Upon information and belief Defendant SZSarasota LLC is a Florida limited liability company, having a principal address at 6180 Edgelake Drive, Sarasota, Florida 34240.

14. Upon information and belief Defendant Innovative Heights Florida, LLC is a Florida limited liability company, having a principal address at 9350 Caddyshack Drive, Saint Louis, Missouri 63127.

15. Upon information and belief Defendant No Call LLC is a Florida limited liability company, having a principal place of business at 1925 North Monroe Street, Suite 109, Tallahassee, Florida 32303.

16. Collectively, Defendants identified in Paragraphs 7 through 15 are referred to as "Sky Zone Franchisees."

### d.   Jurisdiction and Venue

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has *in personam* jurisdiction as to Defendants because, upon information and belief, Defendants are subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendants regularly conduct business activity in the State of Florida, and sell, offer to sell, and use products that infringe one or more claims of Rebounderz's patents in the State of Florida.

19. Venue properly lies within this judicial district and division pursuant to 28 U.S.C. §§1391(c) and 1400(b).

## STATEMENT OF FACTS-ASSERTED PATENT

20. Rebounderz is a leading developer and franchisor in the indoor trampoline arena industry:



21. Cherokee Gray Eagle is the sole and exclusive owner of the valid and enforceable United States Patent No. 8,764,575 ("'575 Patent"). A true and correct copy of the '575 Patent is attached hereto as Exhibit A.

22. Cherokee Gray Eagle has licensed the '575 Patent to Rebounderz.

23. Mark Gurley, inventor of the '575 Patent, is recognized as an innovator in the trampoline arena industry. Mr. Gurley has invented many improvements for the trampoline arena industry, including innovations covering the structure of trampoline arenas and for improving the safety of trampoline arenas.

24. The '575 Patent claims some of Mr. Gurley's inventions in the field. Mr. Gurley has assigned all of his rights to the inventions claimed in the '575 Patent to Cherokee Gray Eagle.

## STATEMENT OF FACTS-DEFENDANTS

25. Sky Zone Franchisees own and operate trampoline arenas at the following locations:

| FRANCHISEE | ARENA NAME | ARENA LOCATION |
|---|---|---|
| Family Christian Sports LLC | Sky Zone Clermont | 2510 S. Highway 27, Clermont, Florida 34711 |
| Marjac Ventures LLC and | Sky Zone Fort Myers | 14181 South Tamiami Trail Suite |

| Marjac Ventures Tampa LLC | | 140 Fort Myers, FL 33912. |
|---|---|---|
| Marjac Ventures LLC and Marjac Ventures Tampa LLC | Sky Zone Tampa | 10137 E. Adamo Drive, Suite 800B, Tampa, FL 33619 |
| Y&J Global Enterprises of Florida LLC | Sky Zone Ocala | 2400 SW College Road, Ocala, Florida 34471 |
| SZSC LLC | Sky Zone Space Coast | 624 Barnes Boulevard, Rockledge, Florida 32955 |
| Ottway II LLC | Sky Zone Daytona Beach | 1300 W. International Speedway Boulevard, Suite 105, Daytona Beach, Florida 32114 |
| SZSarasota LLC | Sky Zone Sarasota | 6180 Edgelake Drive, Sarasota, Florida 34240 |
| Innovative Heights Florida LLC | Sky Zone Fort Lauderdale | 1834 SW 2nd Street, Pompano Beach, Florida 33069 |
| No Call LLC | Sky Zone Tallahassee | 1925 North Monroe Street, Suite 109, Tallahassee, Florida 32303 |

26. Sky Zone Franchisors exert significant control over the Franchisees, including direction over the their conduct and management of the Sky Zone Franchisees' business.

27. Sky Zone Franchisors advertise that their "in-house design team provides architect-ready plans for efficient and unique park designs . . . ." (Exhibit B, Franchisee Online Brochure).

28. Upon information and belief, Sky Zone Franchisees' arenas identified in Paragraph 25 have substantially similar, if not identical designs, and must comply with design and construction specifications and standards imposed by Sky Zone Franchisors.

29. Upon information and belief, Sky Zone Franchisors require Sky Zone Franchisees to use a Sky Zone Franchisors' approved architect.

30. Upon information and belief, Sky Zone Franchisors require Sky Zone Franchisees to purchase the infringing trampoline arenas from Sky Zone Franchisors.

31. Upon information and belief, Sky Zone Franchisors require Sky Zone Franchisees use Sky Zone Franchisors to install the infringing trampoline arenas.

32. In addition to the direction of the design, construction, and repair of the Sky Zone Franchisees' infringing trampoline arenas, Sky Zone Franchisors send an install team to oversee and manage the process:



33. Upon information and belief, Sky Zone Franchisors require Sky Zone Franchisees to purchase computers, software, and other business management systems from Sky Zone Franchisors.

34. Upon information and belief, Sky Zone Franchisors require Sky Zone Franchisees to use Sky Zone Franchisors' trademarks and to promote the Sky Zone brand.

35. Sky Zone Franchisors provide continual support and training to Sky Zone Franchisees, including access to "over 100 corporate team members who provide support at every step of the way" and marketing "support and advice for websites, social media, TV, radio, print, [and] public relations." (See Exhibit B, Franchisee Online Brochure).

## STATEMENT OF FACTS-SKY ZONE INFRINGEMENT

36. Sky Zone Franchisees have offered for sale, used, offered services that use, and allowed access to trampoline arenas that directly or indirectly infringe upon one or more claims of the '575 Patent in the United States and in this judicial district. The below images show Sky Zone Franchisees' trampoline arenas infringing at least Claim 1 of the '575 Patent:

| Claim 1 of the '575 Patent | Demonstrative Example of Franchisees' Infringing Trampoline Arenas |
|---|---|
| A trampoline arena comprising:<br><br>a plurality of side frames defining an outwardly sloping outer wall, each of the plurality of side frames including:<br><br>a rigid first upright member having a top first upright member portion and a bottom first upright member portion mountable to a floor; and<br><br>a rigid angled member connected at an upper angled member portion to the top first upright member portion and extending at a downward angle therefrom to a lower angled member portion, a plurality of voids being defined between the plurality of angled members;<br><br>a horizontally-extending deck connected to the second angled member portions of the plurality of side frames;<br><br>a plurality of trampolines connected to the angled members along peripheries thereof and extending across the plurality of voids; and<br><br>a padding assembly including a plurality of pads at least partially overlying the angled members and the peripheries of the trampolines. | <br><br>side frames with rigid upright and angled members<br><br>pads over angled members and trampoline peripheries<br><br>horizontal deck connected to side frames<br><br>trampolines |

8

37. Plaintiffs put Defendants on notice of its infringement of one or more of the claims of both the '575 Patent at least as early as 2012. Mr. Gurley communicated to several Defendants at the April 2012 ATSM meeting that he had filed a patent application, and in March of 2014 he told them the '575 Patent had issued. Furthermore, Rebounderz has marked its trampoline arenas as patent-pending or patent-protected in a similar manner as displayed below since 2012:



38. The Sky Zone Franchisees advertise on their website for customers to come use the infringing trampoline arenas.

39. Upon information and belief, Sky Zone Franchisees' customers directly infringe the '575 Patent by using Franchisees' infringing trampoline arenas.

40. Rebounderz has not granted Defendants a license to practice the '575 Patent.

## COUNT I
### Action for Direct Infringement of the '575 Patent by Defendants

41. Count I is an action by Plaintiffs against Defendants for monetary damages and injunctive relief for Defendants' direct infringement of the '575 Patent.

42. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 40.

43. Defendants have directly infringed at least claims 2, 7–11, 13, and 14 of the '575 Patent. (Exhibit C, Infringement Chart).

44. Defendants have made, offered for sale and sold, and/or used trampoline arenas, including but not limited to trampolines at their facilities located in the Clermont, Fort Myers, Tampa, Ocala, Rockledge, Daytona Beach, Sarasota, Pompano Beach, and Tallahassee areas which directly infringe one or more claims of the '575 Patent.

45. Plaintiffs are entitled to compensatory damages and injunctive relief for Defendants' infringing activities.

46. Defendants have continued to make, offer for sale and sell, and/or use trampoline arenas that infringe the '575 Patent after being put on notice in 2012.

47. Plaintiffs have suffered damages as a result of Defendants' infringement.

48. Upon information and belief, Defendants lack a justifiable belief that there is no infringement, or that the infringed claims are invalid, or it has acted with objective and subjective recklessness in its infringing activity. Defendants' infringement is therefore willful, and this is an exceptional case entitling Plaintiff to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A.  A finding that the '575 Patent is valid and enforceable and that Defendants have directly infringed the '575 Patent.

B.  A permanent injunction enjoining Defendants from infringing the '575 Patent;

C.  An award of damages against Defendants under 35 U.S.C. § 284 in an amount adequate to compensate Plaintiffs for Defendants' infringement, but in no event less than a reasonable royalty for the use made by Defendants of the inventions set forth in the '575 Patent;

D. An award against Defendants for treble damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

## COUNT II
### Action for Induced Infringement of the '575 Patent by Sky Zone Franchisees

49. Count II is an action by Plaintiffs against Sky Zone Franchisees for monetary damages and injunctive relief for Franchisees' induced infringement of the '575 Patent.

50. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 40.

51. Through use of Sky Zone arenas, Sky Zone Franchisees' customers have directly infringed at least claims 2, 7–11, 13, and 14 of the '575 Patent by using Franchisees' infringing trampoline arenas. (Exhibit C, Infringement Chart).

52. Plaintiffs put Defendants on notice of its infringement of one or more of the claims of the '575 Patent at least as early as 2012, yet Sky Zone Franchisees continue to operate their infringing trampoline arenas and offer their services, including use of the infringing trampoline arenas, to customers.

53. Sky Zone Franchisees knew, or were willfully blind to, the existence of the '575 Patent and that the acts they induced constitute infringement by their customers.

54. With knowledge of, or a willful blindness to, the patents, the Sky Zone Franchisees encouraged its customers to infringe the '575 Patent in exchange for fees charged by Sky Zone Franchisees for admission and ancillary activities and services.

55. Plaintiffs are entitled to compensatory damages and injunctive relief for the Sky Zone Franchisees' infringing activities.

56. Plaintiffs have suffered damages as a result of the Sky Zone Franchisees' induced infringement.

57. Upon information and belief, the Sky Zone Franchisees lack a justifiable belief that there is no infringement, or that the infringed claims are invalid, or they have acted with objective and subjective recklessness in their infringing activity. Sky Zone Franchisees' infringement is therefore willful, and this is an exceptional case entitling Plaintiffs to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A.  A finding that the '575 Patent is valid and enforceable and that Sky Zone Franchisees have induced infringement of the '575 Patent.

B.  A permanent injunction enjoining Sky Zone Franchisees from infringing the '575 Patent;

C.  An award of damages against Sky Zone Franchisees under 35 U.S.C. § 284 in an amount adequate to compensate Plaintiffs for Sky Zone Franchisees' infringement, but in no event less than a reasonable royalty for the use of the inventions set forth in the '575 Patent;

D.  An award against Sky Zone Franchisees for treble damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E.  Such other and further relief as this Court deems just and proper.

## COUNT III
### Action for Induced Infringement of the '575 Patent by Sky Zone Franchisors

58. Count III is an action by Plaintiffs against Sky Zone Franchisors for monetary damages and injunctive relief for Sky Zone Franchisors' induced infringement of the '575 Patent.

59. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 40.

60. Sky Zone Franchisors induced Sky Zone Franchisees to directly infringed at least claims 2, 7–11, 13, and 14 of the '575 Patent by using Franchisees' infringing trampoline arenas. (Exhibit C, Infringement Chart).

61. Sky Zone Franchisors required Sky Zone Franchisees to construct infringing trampoline arena designs.

62. Plaintiffs put Defendants on notice of its infringement of one or more of the claims of both the '575 Patent at least as early as 2012, yet Sky Zone Franchisors continue to license and franchise infringing trampoline arenas and offer its services, including offering "access to over 100 corporate team members who provide support at every step of the way, from [the franchisee's] regional business advisor to dedicated in-house real estate and innovation teams."

63. Sky Zone Franchisors knew, or were willfully blind to, the existence of the '575 Patent and that the acts it induced constitute infringement by the Sky Zone Franchisees as described in Count I.

64. With knowledge of, or a willful blindness to, the patents, Sky Zone Franchisors encouraged the Sky Zone Franchisees to infringe the '575 Patent.

65. Plaintiffs are entitled to compensatory damages and injunctive relief for Sky Zone Franchisors' infringing activities.

66. Plaintiffs have suffered damages as a result of Sky Zone Franchisors induced infringement.

67. Upon information and belief, Sky Zone Franchisors lack a justifiable belief that there is no infringement, or that the infringed claims are invalid, or they have acted with objective and subjective recklessness in their infringing activity. Sky Zone Franchisors'

infringement is therefore willful, and this is an exceptional case entitling Plaintiffs to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

Wherefore, Plaintiffs pray that this Court enter such preliminary and final orders and judgments as are necessary to provide Plaintiffs with the following requested relief:

A. A finding that the '575 Patent is valid and enforceable and that Sky Zone Franchisors have induced infringement of the '575 Patent.

B. A permanent injunction enjoining Sky Zone Franchisors from inducing infringement of the '575 Patent;

C. An award of damages against Sky Zone Franchisors under 35 U.S.C. §284 in an amount adequate to compensate Plaintiffs for Sky Zone Franchisors' infringement, but in no event less than a reasonable royalty for the use made by Sky Zone Franchisors of the inventions set forth in the '575 Patent;

D. An award against Sky Zone Franchisors for treble damages, attorneys' fees, and costs under 35 U.S.C. § 285; and

E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Plaintiffs request a trial by jury as to all matters so triable.

Respectfully submitted March 8, 2018.

_____
Ava K. Doppelt
Florida Bar No.: 393738
adoppelt@allendyer.com
Ryan T. Santurri
Florida Bar No. 15698
rsanturri@allendyer.com
Brock A. Hankins
Florida Bar No. 112531
bhankins@allendyer.com
**ALLEN, DYER, DOPPELT**
**& GILCHRIST, P.A.**
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

**Attorneys for Plaintiffs**
**Cherokee Gray Eagle IP, LLC and**
**Rebounderz Franchise and**
**Development, Inc.**